**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-4370

ANGEL QUINTANA,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, District Judge.
(CR-98-94-F)

Submitted: February 22, 2000

Decided: March 14, 2000

Before LUTTIG, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

J. Michael McGuinness, THE MCGUINNESS LAW FIRM, Eliza-
bethtown, North Carolina, for Appellant. Felice McConnell Corpen-
ing, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Angel Quintana appeals his conviction and 360-month sentence imposed after a jury found him guilty of possession with intent to distribute cocaine, in violation of 21 U.S.C.A. § 841(a)(1) (West 1999). Quintana's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising several issues but stating that, in his view, there are no meritorious issues for appeal. Quintana was informed of his right to file a pro se supplemental brief but has failed to do so. Finding no reversible error, we affirm in part and dismiss in part.

Counsel first questions whether the district court erred in denying the motion to suppress the cocaine, asserting that the initial stop of the car in which officers found the cocaine and in which Quintana was a passenger was invalid. We find that the stop was justified, given that officers observed the vehicle traveling well below the posted speed limit on the interstate and weaving across several lanes. See Whren v. United States, 517 U.S. 806, 809-10 (1996). Counsel also asserts that Quintana's statement that the cocaine was his was involuntary because Quintana did not understand his rights under Miranda v. Arizona, 384 U.S. 436 (1966). Under the totality of the circumstances, we find that Quintana's will was not overborne, nor was his capacity for self-determination impaired where he was orally advised of his rights in English and with the assistance of an interpreter and was given a card to read in Spanish. See United States v. Guay, 108 F.3d 545, 549 (4th Cir. 1997). Rather, his statements to the officers were voluntary and admissible. Therefore, the district court did not err in denying the motion to suppress.

Second, counsel questions whether the district court erred in denying Quintana's motion for judgment of acquittal. After a review of the trial transcript, we find that the evidence, when viewed in the light

2

most favorable to the government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. See United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc). Quintana knowingly possessed the cocaine, see United States v. Armstrong, 187 F.3d 392, 396 (4th Cir. 1999), and his intent to distribute may be inferred from the amount of cocaine seized, nearly one kilogram--an amount too large for personal consumption. See Burgos, 94 F.3d at 873. We therefore find that the district court did not err in denying the motion for judgment of acquittal.

Next, counsel disputes the district court's finding that Quintana was a career offender. We find no error. Quintana was over eighteen years old at the time of the offense (a felony controlled substance offense) and had at least two prior felony controlled substances offenses. See U.S. Sentencing Guidelines Manual § 4B1.1 (1998). Contrary to counsel's assertion, the predicate offenses were not related because the offenses were separated by an intervening arrest. See USSG § 4A1.2(a)(2), comment. (n.3); United States v. Breckenridge, 93 F.3d 132, 137 (4th Cir. 1996).

Finally, we find meritless counsel's assertion that the district court erred by failing to grant Quintana a downward departure based on his belief that the career offender designation seriously overrepresented his criminal history. Because the district court recognized its authority to depart, its refusal to do so is not reviewable on appeal. See United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Quintana's conviction and sentence, dismiss Quintana's challenge to the district court's refusal to depart, and deny counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART AND DISMISSED IN PART